PHILIP R. KAUFMAN, ESQ.
(PK1877)
54 Woodbridge Avenue
Highland Park, NJ 08904
Tel: 732-777-5100
fax: 732-777-5102
philkaufmanesq@optonline.net
Attorney for Secured Creditor
    Noah Bank

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
In re:                              :
                                    :
    EUN HE LEE                      : Chapter 7
                                    :
                                    : Case No. 19-21374 SLM
            Debtor                  :
                                    :
_____ :

CERTIFICATION OF JONG KEUN KIM IN SUPPORT OF MOTION OF
SECURED CREDITOR NOAH BANK FOR RELIEF FROM THE AUTOMATIC STAY

1) I am the Executive Vice President of Noah Bank, am authorized to make this Certification and do so upon my personal knowledge of Plaintiff's business records kept in the ordinary course of its business. The financial information in this certification is accurate.

2) On or about October 31, 2013, Cotton Field, Inc. A New Jersey corporation, ("Borrower"), borrowed $300,000.00 from Plaintiff. The

1

loan was evidenced by a Promissory Note, ("Note"), (**Exhibit A**), for said amount together with interest thereon from that date at 2.75% over the Wall Street Journal Prime Rate with an original rate of 6%. Payments were to be made monthly on the first day of the month. The note also provided for late charges up to 5% of the unpaid portion of the regularly scheduled payment if the payment is more than 10 days late.  The note also calls for payment of attorneys fees in the event of default.  The Note was personally guaranteed by Guaranty dated October 31, 2013 (**Exhibit B**), executed by Hoil Lee and Eun Hee Lee.

    3) To secure payment of the Note, the Borrower executed and delivered on October 31, 2013, a Mortgage, (**Exhibit C**), conveying to Plaintiff in fee, the land and premises at 351 Piermont Road, Norwood, New Jersey, hereinafter described on the express condition that such conveyance should be void if payment should be made according to the terms of the Note.  Said Mortgage was recorded in the Bergen County Clerk's Office on November 7, 2013 in Mortgage V. Book 1558 at Page 36.  The Mortgaged premises are described in Schedule A Annexed to the mortgage.

    4) On or about August 1, 2017, Debtor defaulted on the Note.

    5) Pursuant to the personal guaranty, On September 28, 2018, Noah Bank obtained a Judgment of Foreclosure on its security, the

Plaintiff's residence, in a total amount of $261,107.00, with interest at judgment rate from that date through March 28, 2019 of $3,916.61. The current balance due on Noah's secured mortgage loan would be $265,023.61.

6) The first mortgage on the premises, held by M&T Bank filed a foreclosure complaint on March 13, 2018, for which $399,257.76 was due.  If contract rate interest of 3.375% is applied for the year since the filing of that complaint is $13,474.24, the amount due would be $412,712.01.

7) The total of the two mortgages, without late fees or advances for taxes by M&T, would be $677,735.62, plus tax advances and late fees by M&T.

8) The Debtor, in her petition, has listed the value of the property at $650,000.  Upon information and belief, the property is listed for sale on the MLS Service for $649,777.00.  Even without advances and late fees by M&T, it is clear that the Debtor has no equity in the property.

9) A Sheriff's sale was scheduled for February 22, 2019.  However the Debtor's husband, Hoil Lee, filed a Chapter 7 petition in this Court that morning and the sale was stayed pursuant to 11 U.S.C. § 362.

10) Noah Bank filed a motion for relief from the automatic stay

3

on March 29, 019, which motion was granted on May 9, 2019.

11) A sheriff's sale was rescheduled for June 7, 2019.

12) The within Chapter 7 case was filed that morning reimposing an automatic stay.

13) As in the case filed by Debtor's husband, the Debtor has failed to provide Movant with any adequate protection, through payments to discharge the arrears on the mortgage, current monthly payments on the mortgage post petition or pursuant to 11 U.S.C. § 362(d)(3) or otherwise.  Given the Debtor's lack of finances, failure to provide adequate protection and the timing of the filings, a suspicion could arise that the filing is in bad faith.

14)  As a result of the Debtor's lack of equity in the property and failure to provide adequate protection for Noah Bank's claim, the secured creditor, Noah Bank is entitled to relief from the automatic stay so as to be able to continue its foreclosure.

I hereby certify that the foregoing statements made by me are true.  I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 13, 2019

/s/Jong Keun Kim

_____
JONG KEUN KIM

4